*646
 
 On Rehearing.
 

 HIGGINS, Justice.
 

 A rehearing was granted in this case because the defendants contended that the opinion contained language which was in conflict with the well-established jurisprudence of the state announced in the cases of Frost-Johnson Lbr. Co. v. Salling’s Heirs, 150 La. 756, 91 So. 207, Wright v. Imperial Oil & Gas Co., 177 La. 482, 148 So. 685, to the effect that natural gas beneath the soil is the property of no person and does not become the property of any one until it is reduced to possession. It was not the intention of the court to change or modify this well-recognized rule of law. What the court intended to state was, that the owner of real estate unquestionably has a right to go on his land and reduce to possession fugitive minerals, in order to gain complete ownership thereof. He can therefore contract away to another, in the form of a mineral or mining lease, this real right. He can likewise include this real right in a conventional mortgage of the real estate as security for a loan. When, however, the lessee goes on the property and drills for and abstracts gas for the purpose of reducing it to possession and ownership, the real estate which holds or contains the gas is wasted by its abstraction, because the property is actually deprived of something which forms a component part of it that is valuable and capable of being reduced to possession, and ownership. Consequently, partial or total exhaustion of the gas supply contained in the real estate impairs the real right to take the gas from the land and necessarily depreciates the security for the loan.
 

 With reference to the plea of estoppel, our attention is called to the fact that the correspondence referred to in our opinion was between plaintiff and the defendants, Mulhern and Sartor, but not with defendant Boykin. A re-examination of the record discloses this to be true, but it does not affect our conclusions on this issue with reference to the defendant Boykin, because it appears that plaintiff was not apprised of the drilling operations on the Boykin property until a short time before this suit was instituted, and, furthermore, did nothing which could be construed as an estoppel by conduct.
 

 For the reasons assigned in our original opinion, as now explained, our original opinion and decree are p reinstated; defendants to pay all costs of court.